# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER PAUL and** | : | |
| **SUSAN PAUL,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action No.** |
| **v.** | : | **5:09-CV-296 (HL)** |
| | : | |
| **NORFOLK SOUTHERN** | : | |
| **CORPORATION and FBS FIRST** | : | |
| **COAST, INC. d/b/a Fogleman Builders** | : | |
| **Supply,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

# ORDER

This matter was removed by Defendant FBS First Coast, Inc. d/b/a Fogleman Builders Supply ("Fogleman") from the State Court of Bibb County, Georgia, to this Court on August 27, 2009.  In the Notice of Removal, Fogleman alleges that the basis for jurisdiction is diversity.  Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, this Court has undertaken to review the file to determine whether the jurisdictional requirements have been satisfied.

### A.    Allegations in underlying complaint

Review of the complaint reveals that Plaintiff Christopher Paul alleges that he sustained injury as a result of a collision involving a vehicle owned and operated by

Fogleman in which he was a passenger and a train owned and operated by Defendant Norfolk Southern. (Compl. ¶ 6). He further alleges that he has suffered bodily harm, permanent and irreparable injury, physical pain, mental pain and anguish, lost wages, loss of future earning capacity, loss of enjoyment of life, and extreme anxiety, and has incurred and will continue to incur expenses for medical care and treatment. (Compl. ¶ 11). Plaintiff Susan Paul alleges that as a result of the negligence of Defendants, she has been deprived of the services, society, companionship, and affection of her husband, for which she should be compensated. (Compl. ¶ 14). The complaint does not, however, state a demand for a particular dollar amount.

### B.    Diversity jurisdiction

28 U.S.C. § 1441(a) authorizes a defendant to seek removal of a suit originally brought in state court when the federal court has diversity jurisdiction over the cause of action. A federal court has diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1).

### C.    Amount in controversy requirement

Notwithstanding the absence of any demand for a specific dollar amount in the complaint, in the Notice of Removal, Fogleman states the following: "The amount in controversy in this lawsuit exceeds the sum or value of $75,000, exclusive of interest and costs, . . ." (Notice of Removal, ¶ 6). The Notice of Removal does not set forth

any additional facts to support Fogleman's contention that the amount in controversy exceeds $75,000.

Because this case was originally filed in state court and removed to this Court by Fogleman, it bears the burden of proving that federal jurisdiction exists. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Moreover, because Plaintiffs have not pled a specific amount of damages, Fogleman must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id. Removal is proper if it is facially apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. Id. However, if the jurisdictional amount is not facially apparent from the complaint, a court should look to the notice of removal. Id.

Here, the Court finds that it is not facially apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional requirement. The complaint lacks specific allegations with respect to the amount of medical expenses incurred to-date, or the amount of lost wages incurred to-date. Nor does the complaint offer sufficiently specific information about the nature of the injuries incurred from which this Court could conclude that the amount in controversy exceeds the jurisdictional requirement.

Furthermore, Fogleman has failed to set forth the underlying facts that support its assertion that the amount in controversy exceeds $75,000. Fogleman has offered nothing more than the bare assertion that the amount in controversy exceeds

3

$75,000 as support for its contention that the jurisdictional amount is satisfied.  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion is insufficient to meet the defendant's burden."  Id. at 1319-20.  The Court finds Fogleman's unsupported assertions to be insufficient to satisfy its burden on removal, which requires that a defendant make an "affirmative showing" that diversity jurisdiction is satisfied.  Id. (citing Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961)).  Accordingly, in the absence of a more affirmative showing of the underlying facts that support their claim that the amount in controversy exceeds $75,000, this Court finds that Fogleman has failed to meet its burden on removal and has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### D.    Citizenship of parties

A party must plead citizenship distinctly and affirmatively.  Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Emp. Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979).  "Complete diversity" must exist for the court to retain jurisdiction - that is, every plaintiff must be diverse from every defendant.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

Fogleman has failed to properly plead the citizenship of all parties.  When a party is a corporation, it is a citizen of any state in which it is incorporated and of the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  Fogleman has alleged

that Norfolk Southern is a Virginia corporation registered to do business in the State of Georgia with a registered agent in Bibb County, Georgia.  (Notice of Removal, ¶ 4). Fogleman has not alleged, however, the state where Norfolk Southern's principal place of business is located.  Accordingly, Fogleman has failed to properly plead the citizenship of Norfolk Southern.

### E.     Conclusion

Given that Fogleman has failed to establish the amount in controversy and properly plead the citizenship of the parties, its allegations of jurisdiction are defective.  "Defective allegations of jurisdiction my be amended, upon terms, in the trial or appellate courts."  28 U.S.C.A. § 1653.  Therefore, Fogleman shall have until September 9, 2009 in which to amend its Notice of Removal and to cure the jurisdictional defects.  The Court will then again review the Notice of Removal to ensure that jurisdiction is proper in this case.


**SO ORDERED**, this the 2nd day of September, 2009.


*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh