IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHRISTOPHER PAUL and :
SUSAN PAUL, :
 :
    Plaintiffs, :
 :  Civil Action No.:  5:09-CV-296 (HL)
    v. :
 :
GEORGIA SOUTHERN AND :
FLORIDA RAILWAY COMPANY, :
 :
    Defendant. :
_____ :

**ORDER**

This case is before the Court on Plaintiffs' Motion to Dismiss Without Prejudice (Doc. 33).

Plaintiffs have moved pursuant to Fed. R. Civ. P. 41(a)(2) for an order dismissing this case without prejudice. Plaintiffs contend that such an order is proper because Defendant has not filed a counterclaim and currently has no motions pending in the case. Plaintiffs also state that Defendant will not be prejudiced in any substantial way by a dismissal without prejudice.

"In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (quotation omitted).

Defendant argues that the Motion should be denied because Defendant has incurred considerable time and expense in defending against Plaintiffs' claims. Defendant states that it timely identified its expert and submitted the expert's report to Plaintiffs, while Plaintiffs failed to identify an expert, even after requesting two extensions of the expert deadline. Defendant also states that it produced witnesses for depositions and attempted to complete discovery in a timely manner, but Plaintiffs would not agree to a date for their depositions, and when they finally did, Plaintiffs cancelled the depositions and filed the pending Motion. Defendant states that it was prepared to file a motion for summary judgment, which it believed would resolve the case, especially since Plaintiffs did not disclose an expert. Defendant contends that it will be prejudiced if Plaintiffs are permitted to dismiss this case because it would be subjected to defending another case, and also because a dismissal without prejudice would provide Plaintiffs an opportunity to obtain an expert in the hopes of defeating summary judgment in subsequent litigation.

While the Court has problems with the way Plaintiffs have proceeded in this case, unfortunately the Court is required to dismiss the case without prejudice. The Eleventh Circuit has held that "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has not been prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." Id. at 1256. Unlike Pontenberg, the case before the Court has not even reached the summary judgment

2

stage. Further, Defendant identifying an expert and Plaintiffs refusing to give their depositions, even considered together, are not enough for the Court to find that there is sufficient legal prejudice to justify denying the Motion or dismissing the case with prejudice.

However, Rule 41(a)(2) does allow a court to assess costs and attorney's fees associated with the action. Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004). The purpose of the imposition of costs and attorney's fees is twofold: "to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." Bishop v. W. Am. Ins. Co., 95 F.R.D. 494, 495 (N.D. Ga. 1982). An attorney's fees and costs assessment is chiefly intended to protect a defendant from "the unfairness of duplicative litigation." Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004).

The Court believes an attorney's fees and costs assessment is appropriate here. In the event Plaintiffs ever refile any action against Defendant upon these or substantially similar facts in any court, Plaintiffs will be required to pay the costs and attorney's fees Defendant incurred in defending this action.

Further, the Court orders that all of the discovery that has been completed in the case now pending before this Court will be available for use in any future action filed by Plaintiffs, regardless of what court the action is filed in.

Before imposing these conditions upon refiling, the Court must allow Plaintiffs to withdraw their motion for voluntary dismissal in light of the proposed conditions.

Ortega Trujillo, 379 F.3d at 1303; *see also* Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 320 (5th Cir. 2002). Thus, the Motion to Dismiss Without Prejudice (Doc. 33) is conditionally granted, subject to the conditions outlined above. So that the amount to be paid as a condition of refiling may be known, Defendant is ordered to file no later than November 10, 2010, an affidavit describing the costs and attorney's fees incurred.[1] Plaintiffs will then have until November 17, 2010 to withdraw their Rule 41 motion. If Plaintiffs have not withdrawn their motion by that date, the directives described above will become effective as of November 18, 2010.

      **SO ORDERED**, this the 4th day of November, 2010.

      /s/ Hugh Lawson
      **HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] Of course, the costs allowed are the standard costs under Fed. R. Civ. P. 54 and L. R. 54.2.